Conklin v Westchester County (2026 NY Slip Op 01763)

Conklin v Westchester County

2026 NY Slip Op 01763

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-11678
 (Index No. 60803/21)

[*1]George Conklin, appellant, 
vWestchester County, respondent, et al., defendants.

Herman Law, New York, NY (Jeffrey Herman, Stuart Mermelstein, Cynthia Constantino, Vanessa Neal, and Arielle Z. Kafker of counsel), for appellant.
Bleakley Platt & Schmidt, LLP, White Plains, NY (David H. Chen of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Westchester County (Leonard D. Steinman, J.), dated November 20, 2023. The order, insofar as appealed from, granted the motion of the defendant Westchester County for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Westchester County for summary judgment dismissing the amended complaint insofar as asserted against it is denied.
In 2021, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) to recover damages for negligence. The plaintiff alleged that he was a foster child in the legal custody of the defendant Westchester County, which placed him at a residential facility (hereinafter the facility) where he was sexually abused by a staff member of the facility. The plaintiff further alleged, inter alia, that the County knew or should have known that the facility was not a safe environment for children and the County failed to properly supervise the plaintiff.
In April 2023, the County moved for summary judgment dismissing the amended complaint insofar as asserted against it. In an order dated November 20, 2023, the Supreme Court, among other things, granted the County's motion. The plaintiff appeals.
"In order to establish its prima facie entitlement to judgment as a matter of law dismissing [a cause of action] alleg[ing] that it engaged in negligent placement and supervision of a plaintiff foster child, a defendant must establish, prima facie, that it did not have sufficiently specific knowledge or notice of the alleged dangerous conduct which caused the [plaintiff's] injuries. In other words, the [defendant must] show that the third-party acts could not have been reasonably anticipated" (Conklin v Westchester County, 239 AD3d 826, 827 [internal quotation marks omitted]; see M.F. v Putnam County, 244 AD3d 1072, 1074). "'[A] moving defendant does not establish its prima facie entitlement to judgment as a matter of law by merely pointing to gaps in the plaintiff's case. The moving defendant must affirmatively demonstrate the merit of its claim or defense'" (Conklin v Westchester County, 239 AD3d at 827 [internal quotation marks omitted], quoting [*2]Cooper v First In Queens, Inc., 229 AD3d 761, 763; see Lemorrocco v Westchester County, 242 AD3d 1078, 1080).
Here, contrary to the Supreme Court's determination, the County failed to establish its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it. The County's own submissions raise triable issues of fact as to whether it had constructive notice of the alleged conduct that resulted in the plaintiff's injuries or whether it otherwise failed to adequately select or supervise the plaintiff's foster care placement (see M.F. v Putnam County, 244 AD3d at 1074; Lemorrocco v Westchester County, 242 AD3d at 1080; Conklin v Westchester County, 239 AD3d at 827).
Accordingly, the Supreme Court should have denied the County's motion, regardless of the sufficiency of the plaintiff's opposition papers (see Lemorrocco v Westchester County, 242 AD3d at 1080; Lewis v County of Westchester, 238 AD3d 1021, 1023; see also Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., WOOTEN, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court